IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| BUTAN VALLEY, N.V. | § | Bankruptcy Case No. 07-36856 |
|    Debtor | § | |
| ------------------------------------------------------------- | | |
| | § | |
| OSAMA ALKASABI, | § | **CIVIL ACTION NO. H-09-0894** |
|    Appellant, | § | |

### **MEMORANDUM AND ORDER**

Appellant Osama Alkasabi filed a Notice of Appeal from United States Bankruptcy Judge Wesley Steen's March 15, 2009 Final Order Awarding Costs and Sanctions [BR Doc. # 214] and March 15, 2009 Order Scheduling Public Auction [BR Doc. # 216].[1]  This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).  Appellant filed his Brief of Appellant [Doc. # 20], Appellee Rampart Acquisition Corporation L.L.C. ("Rampart") filed its Appellee's Brief [Doc. # 21], Appellee Lowell T. Cage, Trustee, filed an Appellee's Brief [Doc. # 22], and Appellees ABN Amro Bank N.V. and Societe Generale ("the Banks") filed an

---

[1] Appellant also listed an "Order Approving Sale to Rampart [Doc. # 224]" in the Notice of Appeal, but Docket Entry # 224 in the Bankruptcy case is a ***proposed*** order submitted by Rampart that was neither signed nor entered by the Bankruptcy Court.

Appellee's Brief [Doc. # 23].[2] Having considered the parties' briefing, the bankruptcy record, and applicable legal authorities, the Court **affirms** the Bankruptcy Court's Orders.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In order to stop the execution of a judgment and the sale of property belonging to Debtor Butan Valley, N.V., Appellant as "Managing Director" filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on October 1, 2007.[3] Appellee Rampart, the judgment creditor, filed a proof of claim based on the final, non-appealable judgment that it purchased from the Banks.[4] Appellant filed an objection to Rampart's proof of claim and, after an evidentiary hearing, the objection was overruled and the proof of claim was allowed.[5]

---

[2]  Appellant did not file a reply brief by the extended deadline and his belated request for an additional extension of time was denied. *See* Order [Doc. # 27] denying Motion for Extension of Time; Order [Doc. # 30] denying Motion to Accept Reply Brief.

[3]  Following a hearing on Appellant's Motion to Convert to Chapter 11, the Bankruptcy Court noted that Appellant "seems to be the entire equity interest and officer and hold all officer positions in the [Debtor] company." *See* Transcript [BR Doc. # 74], p. 351.

[4]  The judgment was issued by the International Court of Arbitration of the International Chamber of Commerce, and was confirmed by United States District Judge Kenneth Hoyt on June 8, 2001. The Fifth Circuit affirmed on August 26, 2002. The Banks sold the judgment to Rampart on July 18, 2007.

[5]  Appellant filed a Notice of Appeal from the Order overruling his objection, and this Court affirmed the Bankruptcy Court's decision. *See* Memorandum and Order [Doc.
(continued...)

On February 20, 2009, Rampart filed a Motion for Relief from Automatic Stay ("Motion") [BR Doc. # 177], which was granted by the Bankruptcy Court following a lengthy evidentiary hearing.[6]  *See* Transcript [BR Doc. # 267], pp. 292-301; Order [BR Doc. # 201].

By Order [BR Doc. # 150] entered January 22, 2009, the Bankruptcy Court advised Appellant that it was considering sanctions against Appellant under Bankruptcy Rule 9011, 28 U.S.C. § 1927[7] and 11 U.S.C. § 105.[8]  The Bankruptcy Court advised that it would conduct a scheduling conference on the sanctions issue on

---

[5]  (...continued)
# 44] and Final Order [Doc. # 45] in Civil Action No. H-09-0439.

[6]  Appellant filed a Notice of Appeal from the Order granting relief from the automatic stay, and this Court affirmed the Bankruptcy Court's decision.  *See* Memorandum and Order [Doc. # 28] and Final Order [Doc. # 29] in Civil Action No. H-09-0727.

[7]  28 U.S.C. § 1927 allows sanctions against any "attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously."  The statute applies to attorneys who "gain approval to appear in a lawyer-like capacity" but not to *pro se* litigants who do not have "lawyer-like credentials."  *See Allen v. Travis*, 2007 WL 1989592, *6 (N.D. Tex. 2007).  Throughout this case, Appellant has presented himself as an attorney with both a JD and an LLM.  As a result, he qualifies as an "attorney or other person admitted" to conduct this bankruptcy case.

[8]  11 U.S.C. § 105(a) provides that the Bankruptcy Court "may issue any order . . . that is necessary or appropriate to carry out the provisions of [Title 11]" and permits the Bankruptcy Court, sua sponte, to take "any action . . . necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  The provision of the Sanctions Order precluding Appellant from filing "any further pleadings in this bankruptcy case that exceed five (5) pages" was based on the authority of 11 U.S.C. § 105.

January 23, 2009. Following the January 23, 2009, scheduling conference "on the Court's motion for award of costs and sanctions," the Court issued an Order [Doc. # 156] setting the sanctions hearing for March 13, 2009, requiring the parties to file a pleading setting out their claims for costs and/or sanctions, and allowing Appellant to conduct limited depositions. On March 15, 2009, following a lengthy hearing on March 13, 2009, the Bankruptcy Court entered a "Final Order Awarding Costs and Sanctions and Barring Osama Alkasabi From Filing Excessive Pleadings" ("Sanctions Order") [BR Doc. # 214].[9] The Bankruptcy Court ordered Appellant to pay $143,000.00 to Rampart, $28,000.00 to the Chapter 7 Trustee, and $32,000.00 to the Banks. *See* Sanctions Order, pp. 1-2. The Bankruptcy Court also ordered that Appellant could "not file any further pleadings in the bankruptcy case that exceed five (5) pages (including the caption and signature page, double spaced, using twelve point font)." *See id.*, p. 2.

Meanwhile, on February 23, 2009, the Trustee filed an "Expedited Motion for Order (A) Scheduling Public Auction for the Sale of All of the Debtor's Real Estate Assets Free and Clear of All Liens, Claims and Encumbrances, (B) Approving

---

[9] Previously, on May 20, 2008, Rampart filed a motion for sanctions against Appellant [BR Doc. # 67]. When it realized it had not complied with the "safe harbor" notice requirement of Bankruptcy Rule 9011(c)(1)(A), Rampart withdrew the motions. *See* BR Doc. # 121. The Bankruptcy Court noted Rampart's withdrawal of the motion for sanctions and cancelled the hearing that was scheduled on the motion. *See* Order Terminating Motion for Sanctions [BR Doc. # 123].

Procedures for the Submission of Qualifying Bids, and (C) Approving the Form and Manner of Notice Pursuant to Fed. R. Bankr. P. 2002" ("Motion for Public Auction") [BR Doc. # 178].  The Bankruptcy Court granted the Motion for Public Auction by Order [BR. Doc. # 216] dated March 15, 2009.

Appellant filed a Notice of Appeal from the two Orders.  The appeal has been briefed and is ripe for decision.

## II. STANDARDS OF REVIEW

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard.  *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005).  A factual finding is clearly erroneous "only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed."  *Robertson v. Dennis*, 330 F.3d 696, 701 (5th Cir. 2003) (internal quotations and citation omitted).

Mixed questions of law and fact are reviewed *de novo*.  *In re Quinlivan*, 434 F.3d. 314, 318 (5th Cir. 2006); *In re Stonebridge Technologies, Inc.*, 430 F.3d 260, 265 (5th Cir. 2005).

An appellate court reviews all aspects of a lower court's imposition of sanctions under an abuse-of-discretion standard.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (considering imposition of sanctions under Rule 11 of the

Federal Rules of Civil Procedure); *In re Yorkshire, LLC*, 540 F.3d 328, 331 (5th Cir. 2008) (holding that a bankruptcy court's order imposing sanctions is reviewed for an abuse of discretion). A bankruptcy court abuses its discretion when it "(1) applies an improper legal standard or follows improper procedures . . ., or (2) rests its decision on findings of fact that are clearly erroneous." *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005).

This Court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004) (quoting *Matter of Besing*, 981 F.2d 1488, 1494 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993)). Additionally, an appellant's failure to explain fully a "laundry list of grievances" and failure to provide proper citations to the record and to relevant legal authorities results in a waiver of those issues for which the briefing is inadequate. *See United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009).

### III.   SANCTIONS MOTION

Appellant argues that the Bankruptcy Court lacked jurisdiction to enter the Sanctions Order because there were pending appeals (Issue 1). The filing of a Notice of Appeal divests the lower court of jurisdiction over only "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56,

58 (1982). The lower court may "still proceed with matters not involved in the appeal." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 233 (5th Cir. 2009) (citation omitted). In this case, the only appeal remotely related to the sanctions issue was Appellant's Notice of Appeal from the January 22, 2009 Order for Scheduling Conference and from the January 26, 2009 Order scheduling a hearing on the sanctions issues. That appeal was dismissed by this Court on February 2, 2009 [Doc. # 2 in Civil Action No. H-09-293] as an interlocutory appeal. Consequently, there were no appeals related to the sanctions issue that were pending in March 2009 when the Bankruptcy Court issued the Sanctions Order.

Appellant also argues that the Bankruptcy Court lacked jurisdiction to enter the Sanctions Order because Rule 9011 sanctions cannot be awarded for discovery abuses (Issues 2 and 5). It is correct that sections (a)-(c) of Rule 9011 do not apply to discovery. *See* FED. R. BANKR. P. 9011(d). Nonetheless, Appellant's argument fails for two reasons. First, the Bankruptcy Court did not base its Sanctions Order exclusively on Rule 9011, but also on its own inherent power to control the litigation before it, on 28 U.S.C. § 1927, and on 11 U.S.C. § 105. These two statutes and the Bankruptcy Court's inherent power are applicable to discovery abuses. In this case, the Bankruptcy Court noted that Appellant had "turned a simple case into a litigious nightmare" and described Appellant's discovery requests as "unfocused, burdensome

[and] much more intrusive than were necessary."  *See* Findings, Reasons and Conclusions for Order Denying Motion for Discovery [BR Doc. # 150].

Second, the Bankruptcy Court did not base its Sanctions Order exclusively on discovery abuses.  As set forth in the Sanctions Order, the award of sanctions was based on Appellant's abuse of the automatic stay, obstruction of the administration of the bankruptcy case by "filing unfounded, lengthy, rambling, sometimes virtually incoherent pleadings, including scurrilous attacks on the integrity of other parties," filing "vexatious and multiplicious" pleadings, and engaging in obstructive tactics to delay attempts to market the parcels of real property.[10]  This conduct goes well beyond and is distinct from the well-documented discovery abuses by Appellant in this case as described in the prior paragraph.  The conduct constitutes a violation of Bankruptcy Rule 9011(b).

Appellant asserts in Issue 3 that the Bankruptcy Court lacked jurisdiction "to amend, or add additional findings of facts after the expiration of the statutory 10 days period of the already adjudicated motions" and asserts in Issue 4 that the Bankruptcy Court lacked jurisdiction to enter the Sanctions Order "because the Motion filed by Rampart before was adjudicated in part, was terminated as time barred, failed to

---

[10]  Appellant does not assert in this appeal that he did not engage in the conduct described by the Bankruptcy Court, and he does not challenge the amount of sanctions that were imposed.

comply with [the] 21 days safe harbor, and was withdrawn when Osama Alkasabi served Rampart with his Rule 9011 motion." Each of these arguments relies on the erroneous position that the Sanctions Order was based on the motion for sanctions previously filed and then withdrawn by Rampart. The Sanctions Order was issued on the Bankruptcy Court's own initiative and any prior motion filed by Rampart is irrelevant to the Bankruptcy Court's jurisdiction to sanction Appellant. To the extent that the Bankruptcy Court relied on Rule 9011, it is clear from the record that he was proceeding under Rule 9011(c)(1)(B) which does not contain the safe harbor provision required by Rule 9011(c)(1)(A). Instead, this provision of the rule requires only that the Bankruptcy Court enter an order describing the conduct that appears to violate Rule 9011 and directing the party to show cause why it has not violated the rule. *See* FED. R. BANKR. P. 9011(c)(1)(B). The Bankruptcy Court complied with this requirement by issuing the January 22, 2009 Order [BR Doc. # 150], directing Appellant to appear on March 13, 2009 to show cause why he should not be sanctioned, and conducting an extensive hearing on March 13, 2009 before issuing the Sanctions Order.

Appellant also argues that the Bankruptcy Court lacked jurisdiction to enter the Sanctions Order "on its own motion" (Issue 6). The Bankruptcy Court has inherent power to impose sanctions for abusive litigation tactics. *See, e.g., F.D.I.C. v.*

*Maxxam, Inc.*, 523 F.3d 566, 590-594 (5th Cir. 2008) (stating that court's inherent power to sanction is "governed not by rule or statute but by the control *necessarily* vested in courts to manage their own affairs") (emphasis in original); *Matter of Case*, 937 F.2d 1014, 1023 (5th Cir. 1991) (holding that Bankruptcy Court "has the inherent power to award sanctions for bad-faith conduct in a bankruptcy court proceeding"). Additionally, Bankruptcy Rule 9011(c)(1)(B) clearly anticipates that sanctions may be on the Bankruptcy Court's "own initiative." FED. R. BANKR. R. 9011(c)(1)(B); *Matter of Sadkin*, 36 F.3d 473, 476 n.3 (5th Cir. 1994); *In re Stewart*, 2009 WL 2448054, *13 (E.D. La. 2009). The Bankruptcy Court had jurisdiction, based on its inherent power and on Rule 9011(c)(1)(B), to enter the Sanctions Award.

## IV.     ORDER GRANTING MOTION FOR PUBLIC AUCTION

Appellant argues that the Order granting the Trustee's Motion for Public Auction[11] should be reversed on the ground that the Bankruptcy Court lacked jurisdiction because Appellant had filed appeals from prior rulings by the Bankruptcy Court (Issue 7). As was noted above, the filing of a Notice of Appeal divests the lower court of jurisdiction over only "those aspects of the case involved in the

---

[11]  In many of the issues asserted by Appellant in this bankruptcy appeal, he presents arguments regarding the Bankruptcy Court's Order granting Rampart's motion to lift the automatic stay. For example, in Issues 7, 8, and 12, Appellant includes an argument regarding the Order granting relief from the automatic stay. In Issue 11, Appellant argues that the automatic stay should be reinstated. Those issues have been decided in the appeal of that Order, Civil Action No. H-09-727.

appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The lower court may "still proceed with matters not involved in the appeal." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 233 (5th Cir. 2009) (citation omitted). None of the appeals filed by Appellant prior to entry of the Order granting the Trustee's Motion for Public Auction involved or affected the *Trustee's* ability to sell the two parcels of real property, which the Bankruptcy Court noted is "the essence of a chapter 7 case." *See* Order Denying Motion for Stay Pending Appeal [BR Doc. # 204]. Consequently, the filing of those Notices of Appeal did not divest the Bankruptcy Court of jurisdiction to decide the Trustee's Motion for Public Auction.

Appellant argues that the Trustee failed "to conduct his fiduciary duties to all creditors and interest holders" regarding sale of property to Rampart (Issue 8).[12] Specifically, Appellant argues that "there was no reasonable business justification for this expedited sale to Rampart," that there were "appeals pending in the District Court,"[13] and that the sale was "done to prevent the filing of a Chapter 11 Plan of reorganization." *See* Appellant's Brief, p. 38. As was discussed when this same issue was presented verbatim in the appeal from the Order granting Rampart's motion for

---

[12] Appellant filed a Motion to Remove Trustee [BR Doc. # 29] on March 27, 2008, but withdrew the motion during a pretrial conference in a related Adversary Proceeding on May 23, 2008. *See* Order [BR Doc. # 70].

[13] The issue of pending appeals in the District Court was discussed above in connection with Issue 7.

relief from the automatic stay, the Bankruptcy Court found specifically that the real estate market was "in the tank" and would likely get worse. *See* Transcript [Doc. # 267], p. 301. The declining real estate market is a reasonable business justification for lifting the automatic stay and allowing the parcels to be sold before their value was further reduced.

Appellant's allegation that the Trustee breached his fiduciary duties to prevent a Chapter 11 reorganization plan is without merit. This bankruptcy proceeding was filed as a Chapter 7 case, and Appellant's motion to convert to Chapter 11 was denied on April 25, 2008, well before the March 15, 2009 Order granting the Trustee's Motion for Public Auction. There was no need for the Trustee to support the sale of the property in March 2009 in order to prevent the filing of a Chapter 11 reorganization plan when conversion of the Chapter 7 case to a Chapter 11 case had been denied almost a full year earlier. There is no indication in the record that the Trustee failed to comply fully with his fiduciary duties to the creditors of the Debtor.

Appellant argues that the Bankruptcy Court's order lifting the automatic stay should be reversed because it failed to "provide due process safeguards" (Issue 9), because it "materially predetermine[s] the structure and outcome of plan confirmation" (Issue 10), and because of a "conflict of interest and collusion" (Issue 12). The record establishes clearly that the Bankruptcy Court provided Appellant with

full due process, and the Bankruptcy Court's finding that there was no conflict of interest or collusion is not clearly erroneous. Appellant had adequate notice of the Trustee's Motion and was given a full opportunity to respond. As was discussed above, the bankruptcy case was filed under Chapter 7 and Appellant's request to convert to Chapter 11 was denied. As a result, there were no "plan confirmation" issues. The Bankruptcy Court previously decided the collusion issue in connection with the Trustee's Motion for the Appointment of Maxicorp Properties, Inc. ("Maxicorp") as a real estate broker for the case. Following a full-day evidentiary hearing, the Bankruptcy Court granted the Motion to appoint Maxicorp, finding specifically that there was no evidence of any impropriety and that the only suggestion of any impropriety was a business relationship between an agent with Maxicorp and the Trustee many years ago. The Bankruptcy Court's finding that there existed no conflict of interest or collusion is supported by the record and is not clearly erroneous.

Appellant argues that the Bankruptcy Court erred in granting the Motion for Public Auction despite Appellant's claim that he individually held real estate liens based on his having paid taxes on the two properties (Issues 13, 14, and 15).[14] The Court notes that there is no evidence in this record or in the bankruptcy court record that Appellant paid any taxes on the two parcels of real estate at issue in this appeal.

---

[14] Issues 14 and 15 are identical.

Instead, the evidence in the record, specifically Appellant's records and Debtor's tax returns, demonstrates that Appellant loaned money to Debtor and Debtor in turn paid the taxes. There is no evidence of a contract between Debtor and Appellant for Appellant to pay real estate taxes for Debtor or that required Debtor to use money loaned by Appellant to pay the real estate taxes. Appellant has not demonstrated that he holds real estate liens on the parcels of property that were part of the Debtor's bankruptcy estate and, as a result, has not demonstrated error by the Bankruptcy Court.

## V.  CONCLUSION AND ORDER

The Bankruptcy Court's March 15, 2009 Sanctions Order was not an abuse of discretion, and the March 15, 2009 Order granting the Trustee's Motion for Public Auction were correct. Both orders are affirmed in all respects. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's March 15, 2009 Final Order Awarding Costs and Sanctions [BR Doc. # 214] and March 15, 2009 Order Scheduling Public Auction [BR Doc. # 216] are **AFFIRMED**. The Court will issue a separate final Order.

SIGNED at Houston, Texas, this 15th day of **September, 2009**.

_____
Nancy F. Atlas
United States District Judge